WILLIAM H. WICKHAM, AS RECEIVER OF THE SECURITY LIFE INSURANCE AND ANNUITY COMPANY, APPELLANT, v. JONATHAN A. FRAZEE, RESPONDENT.

*Action — when it sounds in tort — reference — Trustees of insolvent debtor — references of claim by —procedure on application for — 3 R. S. (6th ed.), p. 39, §§ 21, 22*

This action was brought by the receiver of an insolvent insurance company to recover dividends alleged to have been wrongfully paid to the defendant, a stockholder of the company, at a time when the corporation was insolvent, such payments having been made out of the capital and assets of the company and received by the defendant in fraud of the rights of the creditors of the company.

*Held,* on a motion to refer the action, on the ground that it involved the examination of a long account, that the action sounded in tort and could not be referred against the objection of either party.

In order to authorize a reference under sections 21 and 22 of 3 Revised Statutes (6th ed.), page 39, relating to references of claims by trustees of insolvent debtors, it must be shown that the party making the application has offered to agree upon a reference, and that the other party has refused or neglected to consent thereto; and the application must be made, not to the court upon motion but to the officer who appointed the trustees, or to a justice of the Supreme Court at chambers residing in the district, upon a notice of at least ten days.

*Quære,* whether under this statute a reference can be ordered in an action sounding *in tort.*

APPEAL by plaintiff from an order denying a motion for a reference, on the ground that the trial of the action would involve the examination of a long account.

The action was brought by the plaintiff, as receiver of the Security Life Insurance and Annuity Company, against the defendant to recover $180 for dividends paid to him by said company between the 1st May, 1871, and the 17th November, 1876, and which, as is alleged, were paid while said company was insolvent. The dividends were paid semi-annually, and a several and separate cause of action for each of said dividends is set out in the complaint.

The answer admitted the receipt of the dividends, set up the statute of limitations as to part of the amount claimed, alleged that the

dividends were received in good faith, and further denied any knowledge of the alleged insolvency or fraud of the directors.

*Hamilton Cole*, for the appellant.

*William F. Macrae*, for the respondent.

DAVIS, P. J. :

The receiver in this case was appointed under the provisions of the Revised Statutes concerning proceedings against corporations in equity. (See the article in Bank's 6th ed. Rev. St. [3d vol.], p. 749.) And under section 55 of said act he possesses all the power and authority conferred and is subject to all the obligations and duties imposed in article 3 of the same title of the statute, upon receivers appointed in case of a voluntary dissolution of a corporation. One of the powers conferred upon receivers appointed on a voluntary dissolution of a corporation is "the same power to settle any controversy that shall arise between them and any debtors or creditors of such corporations by a reference, as is given by law to trustees of insolvent debtors, and the same proceedings for that purpose shall be had with like effect, and application for the appointment of referees may be made to any officer authorized to appoint such referees on the application of trustees or insolvent debtors," etc. (3 Rev. Stat. [Bank's 6th ed.], p. 755, § 88.)

The statute referred to in relation to trustees or insolvent debtors provided, that "if any controversy shall arise between the trustees and any other person in the settlement of any demands against such debtor, or of debts due to his estate, the same may be referred to one or more indifferent persons who may be agreed upon by the trustees and the party with whom such controversy shall exist, by a writing to that effect signed by them."

"If such referee or referees be not selected by agreement, then the trustees, or the other party to the controversy, may serve a notice of their intention to apply to the officer who appointed said trustees, or to any judge of the Supreme Court at chambers, residing in the same district with the trustees, for the appointment of one or more referees, specifying the time and place when such application will be made, which notice shall be served at least ten days

before the time so therein specified." (3 Rev. Stat. [Bank's 6th ed.], p. 39, §§ 21, 22.) The application for a reference in this case was not made under the provisions of these statutes. It is an ordinary motion for the appointment of a referee in an action, on the ground that the action involves the examination of a long account.

The statutes above referred to contemplate an effort at least, by one or both of the parties to agree upon a referee or referees, and a failure of such effort. It should be shown that the party making the application had at least offered to agree upon referees and that the other party had refused, or neglected to consent to such reference, or that some sort of an attempt had been made to select referees by agreement, and then the application must be made, not to the court upon motion, but to the officer who appointed such trustees or to any justice of the Supreme Court at chambers, residing in the same district, upon a notice of at least ten days before the time, therein specified for the application. The appointment is, therefore, to be made by the officer or a judge, and not by the court. No such formality of proceeding was observed in this case, and we think the several statutes referred to had no application to this motion.

The question of the constitutionality of a reference under the statute is not involved in the case. The action is brought to recover several dividends, alleged to have been wrongfully paid by the insurance company to the defendant as a stockholder, at a time, in respect of each, when the corporation was insolvent. The complaint charges that at the time of each payment, the insurance company was insolvent, and its assets were insufficient to pay its debts and meet its obligations and liabilities, and said dividends were not paid out of any surplus profits of said company; but, on the contrary, each and all of them were wrongfully paid out of the capital and assets of said company, which were at the several times mentioned, and have ever since continued to be and now are insufficient to pay the debts and meet the obligations and liabilities of said company without the return of said dividends, and each and all of said dividends were paid to and received by this defendant in fraud of the rights of creditors and persons holding obligations of said company, and alleges a demand upon the defendant and his refusal to pay the same or any part thereof. The action is one sounding in *tort*. It

is based upon fraud in law, if not in fact, and is therefore, according to the well-settled authorities, not referable against the objection of either party.

The affidavit of the receiver shows that an examination into the various assets and accounts of the company will be necessary for the purpose of establishing the alleged insolvency. But that is an examination not of the subject-matter of the action, but of things collaterally or incidentally necessary, in order to establish the alleged right to recover.

Such an examination does not constitute "a long account" as required by the provisions of the Code.

We think the action is not one in which any compulsory reference can be ordered, unless it be in the special statutory proceeding above considered, and upon that question we refrain from passing.

The order should be affirmed, with ten dollars costs and disbursements.

INGALLS, J., concurred; BRADY, J., concurred in the result.

Order affirmed, with ten dollars costs and disbursements.